Smith, J.,
'dissenting:
I am unable to concur with the decision of the Court in this case.
When the consideration of the note proceeds from the wife, and the husband does not reduce the debt into possession in his lifetime, and the wife survives him, it seems to be well settled, that, not only the right of action on, but the right of property in the note, survives to the wife; and this, as well where the note was made during the coverture, as where it was made before the coverture. It has, however, been much questioned, whether the wife took, by right of survivorship, a note made during cover-ture, payable to herself alone. In such case, it has been held, that, though the action must be brought according to the common law forms of procedure, in the name of the wife surviving, nevertheless, the right of property Avas in the representative of the deceased husband. The contrary, however, in such case, is well settled.
*121 But, where the consideration of the note springs from the husband, or the wife is not the meritorious cause of the action, I am not aware of any well considered case, which holds that the right of property goes to the wife surviving the husband, though the note was made payable to the husband and wife jointly. When the note is made and delivered, it is the absolute property of the husband, and it so continues to be his absolute property during his life. At no time during the coverture, does the wife obtain, or have any right of property in it. It is difficult to comprehend how the death of the husband can work a change, or transfer of property, and vest in the wife a right of property she did not before have. The death of a husband can have no such effect, upon any known principle.
Certainly, the fact that the husband took the note, payable to himself and wife jointly, may be allowed to indicate that he intended her to have some benefit or interest in the note. But intent, without farther act, does not work a change or transfer of a right of property; not any more where the wife is the intended beneficiary, than where any other relative, or a stranger, is the party, in respect of whom the husband entertained the intent.
The analogy between the conveyance of land to husband and wife jointly, and the making of a note payable to husband and wife jointly, is not obvious. In the case of the conveyance of the land, the conveyance of itself gives the wife an estate or interest in the land, jointly with the husband. Upon common law principles, the husband and wife are said to take the land by entireties, and the estate is one estate,' and contin *122 ues to tbe one who survives; and it is, because tbe estate is one, and tbe conveyance gives tbe wife an interest and estate in tbe land, jointly and equally witb tbe busband. But in respect of the note, tbe taking it payable in tbe name of busband and wife, gives her no interest, no right of property in the note, to any extent.